Veloz v City of New York (2018 NY Slip Op 03806)





Veloz v City of New York


2018 NY Slip Op 03806


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

6693 303235/12

[*1]Erick L. Veloz, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 8, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims alleging false arrest, false imprisonment, and malicious prosecution, unanimously affirmed, without costs.
Defendants made a prima facie showing of probable cause supporting the issuance of the search warrant for the apartment where plaintiff was arrested, and plaintiff failed to raise a triable issue of fact. The search warrant was issued as a result of an investigation during which a confidential informant made three controlled buys in the apartment from two different individuals a few days before the issuance of the warrant. When the police officers arrived, plaintiff, who fit the description of one of the drug dealers, was alone and had been sleeping in his shorts in the apartment. The officer recovered plaintiff's pay stub from the apartment, and they also retrieved narcotics and firearms. This showing of probable cause is a complete defense to plaintiff's claims of false arrest and false imprisonment (see Nadal v City of New York, 105 AD3d 598 [1st Dept 2013], lv denied 21 NY3d 861 [2013]). Furthermore, plaintiff had constructive possession of the contraband, because he had dominion and control over the apartment (see Boyd v City of New York, 143 AD3d 609, 610 [1st Dept 2016]).
The existence of probable cause is also fatal to plaintiff's claim for malicious prosecution (see Rivera v City of New York, 40 AD3d 334, 337 [1st Dept 2007], lv dismissed 16 NY3d 782 [2011]). Plaintiff also failed to show that the criminal proceeding against him was brought out of actual malice (Nadal at 599).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK